**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

HORACIO MARTINEZ-RAMOS,

  Defendant-Appellant.

No. 08-2115
(D.Ct. No. 2:08-CR-00010-BB-1)
(D. N.M.)

———————————————————

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  Appellant Horacio Martinez-Ramos pled guilty to one count of unlawful re-entry of a previously removed or deported alien subsequent to a prior felony

———————————————————

  [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

battery conviction, in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). The district court sentenced Mr. Martinez-Ramos to thirty-eight months imprisonment. Although Mr. Martinez-Ramos appeals his sentence, his attorney has filed an *Anders* brief and moves to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

Mr. Martinez-Ramos pled guilty without the benefit of a plea agreement. During the Rule 11 colloquy conducted by the district court, Mr. Martinez-Ramos indicated, in part, that he: (1) was pleading guilty without threat or coercion or being under the influence of any substance that would affect his understanding of the proceedings; (2) discussed with his counsel the offense charged, the consequences of pleading guilty, and the possible sentence and Guidelines considerations and was satisfied with his counsel; (3) understood the consequences of pleading guilty and the maximum sentence of twenty years and other possible punishments for the offense charged; (4) understood the rights he was relinquishing in pleading guilty; (5) acknowledged he entered the country illegally after prior deportation; and (6) confirmed his wish to plead guilty to the offense charged. *See* Fed. R. Crim. P. 11(b). In accepting his guilty plea, the district court found Mr. Martinez-Ramos's guilty plea was knowing and voluntary

and that he was fully competent and capable of entering an informed plea[1].

After Mr. Martinez-Ramos pled guilty, a probation officer prepared a presentence report calculating his sentence under the applicable 2007 United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The probation officer calculated the base offense level at eight, under U.S.S.G. § 2L1.2(a), and added a sixteen-level adjustment, under § 2L1.2(b)(1)(A)(ii), because Mr. Martinez-Ramos had been deported subsequent to having been convicted of a felony offense of battery, which constituted a crime of violence. In addition, based on Mr. Martinez-Ramos's acceptance of responsibility for the offense charged, the probation officer included a three-level reduction, for a total offense level of twenty-one. An offense level of twenty-one, together with a criminal history category of III, resulted in a Guidelines imprisonment range of forty-six to fifty-seven months.

Mr. Martinez-Ramos filed a sentencing memorandum seeking a variance for a twenty-four-month sentence based on the nature and circumstances of the offense, his history and characteristics, and other § 3553(a) factors. In support, he pointed out, in part, that he only entered this country illegally to visit his ten-

---

[1] While Mr. Martinez-Ramos waived many of his constitutional rights, he did not waive his right to appeal.

year-old daughter from another marriage and to seek employment so he could provide for his family in Mexico, including two small children and his wife, who is unemployed. The government filed a response in opposition to his request for a variance, noting, in part, that: (1) Mr. Martinez-Ramos's family, economic, and other circumstances were not dissimilar to other illegal re-entry defendants; and (2) his felony count of battery arose from his shooting an individual twice while in a bar.

At the sentencing hearing, Mr. Martinez-Ramos's counsel acknowledged the Guidelines calculations were correct but, again, argued for a variance based on the § 3553(a) factors, including his family circumstances. After hearing the parties' arguments, the district court noted it had considered the factual findings in the presentence report, the Guidelines, and the sentencing factors under 18 U.S.C. § 3553(a) in imposing Mr. Martinez-Ramos's sentence. In applying the § 3553(a) factors to Mr. Martinez-Ramos's circumstances, the district court concluded that the Guidelines range was greater than necessary to satisfy the purposes announced in 18 U.S.C. § 3553(a). It then granted Mr. Martinez-Ramos's request for a variance by sentencing him to thirty-eight months imprisonment.

Following Mr. Martinez-Ramos's timely notice of appeal for the purpose of

challenging the length of his sentence, his appointed counsel filed an *Anders* appeal brief explaining that after a thorough review of the file and records of the case, along with the relevant case law, he determined the appeal was wholly frivolous. *See Anders*, 386 U.S. at 744. In support, counsel pointed out Mr. Martinez-Ramos's guilty plea was entered into knowingly and voluntarily, and the district court sentenced him below the recommended Guidelines range after applying the properly-calculated Guidelines and considering the § 3553(a) sentencing factors. Pursuant to *Anders,* this court gave Mr. Martinez-Ramos an opportunity to respond to his counsel's *Anders* brief. *See id.* Mr. Martinez-Ramos responded with a letter asking for reconsideration of his sentence based on his family circumstances, including the fact he has small children to support and a wife who has difficulty supporting them alone. The government filed notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* The record establishes, among other things, that Mr. Martinez-Ramos's guilty plea was voluntarily, knowingly, and intelligently entered; he was advised of and understood his possible sentence and other punishments he might face in conjunction with his guilty plea to the offense charged; and sufficient evidence supported his conviction. As to the length of his sentence, we review it

for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a), and have determined a sentence properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). Having made our reasonableness review, we find no nonfrivolous basis for challenging the sentence imposed. The district court properly calculated Mr. Martinez-Ramos's sentence and then granted his request for a variance in conjunction with the sentencing factors in § 3553(a), resulting in a sentence of thirty-eight months imprisonment, which is below the advisory Guidelines range of forty-six to fifty-seven months imprisonment. In so doing, it clearly considered his arguments in support of a variance, including the issue he now raises on appeal concerning his family circumstances. The fact the district court imposed a thirty-eight-month sentence, rather than the twenty-four-month sentence requested, does not alone constitute a meritorious reason for reconsideration of his sentence. Accordingly, Mr. Martinez-Ramos has not provided any nonfrivolous reason warranting a lower sentence.

### III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Martinez-Ramos's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge